January 4, 2016

**<u>Via ECF</u>**

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

   Re: *Axiom Investment Advisors, LLC v. Deutsche Bank AG*
     Case No. 1:15-cv-09945-LGS (S.D.N.Y.)

Dear Judge Schofield:

  Pursuant to the Court's Order dated December 23, 2015, Plaintiff Axiom Investment Advisors, LLC ("Plaintiff"), and Defendant Deutsche Bank AG ("Deutsche Bank") submit this joint letter setting forth the subjects to be discussed at the Fed. R. Civ. P. 16 conference set for January 7, 2016.

  **(1) Provide a brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

  <u>Plaintiff's Statement</u>:  Plaintiff alleges, on behalf of itself and a class of similarly-situated persons, that Deutsche Bank rejected certain orders made over electronic trading platforms through the application of a function known as "Last Look."  Class Action Complaint, *Axiom Investment Advisors, LLC v. Deutsche Bank AG*, Case No. 1:15-cv-09945-LGS, ECF No. 1, ¶¶1-5, 43-59 ("Complaint").  Plaintiff alleges that these orders were subsequently filled at prices less advantageous to Plaintiff and the putative class members.  *Id*.  Plaintiff further alleges that Deutsche Bank used the information derived from Last Look to its trading advantage.  *Id.* at ¶48.  Plaintiff alleges that Deutsche Bank breached its contracts with Plaintiff and putative class members, breached the covenant of good faith and fair dealing, and engaged in unfair and deceptive practices.  *See, e.g.*, *id.* at ¶¶68-84.  Further, Plaintiff alleges that Deutsche Bank's conduct injured Plaintiff and class members, and that Deutsche Bank was unjustly enriched as a result.  *Id*.

  The primary questions of law and fact to be determined in this action are:  (1) whether Deutsche Bank's use of Last Look to reject orders constituted breaches of contract; (2) whether Deutsche Bank's use of Last Look to reject orders breached its duties of good faith and fair dealing; (3) whether Deutsche Bank's use of Last Look to reject orders was an unfair or deceptive act or practice; (4) whether Plaintiff suffered damages as a result of Deutsche Bank's conduct, and the extent of those damages.

Deutsche Bank's Statement: Deutsche Bank's statement of the relevant questions of law and fact is as follows: (1) whether Deutsche Bank's streaming of foreign exchange prices over its electronic trading platforms are indicative prices only, rather than firm offers to trade at those prices; (2) whether Plaintiff's and class members' sending of an electronic signal in response to the streamed price, indicating a desire to trade at that price, constitutes an offer to trade, rather than acceptance of an offer to trade; (3) whether Deutsche Bank's use of Last Look occurs before Deutsche Bank has accepted Plaintiff's and class members' offer to trade at the streamed price; (4) whether Deutsche Bank discloses in its customer agreements or otherwise that (i) its streamed prices are indicative only; (ii) Deutsche Bank has no obligation to accept offers to trade if the streamed price has expired or been refreshed or updated; and (iii) that Deutsche Bank retains the discretion not to accept offers to trade, including where the streamed price has expired or been refreshed or updated; (5) whether Plaintiff and class members benefit from the use of Last Look in the form of tighter spreads and increased liquidity; and (6) whether Deutsche Bank's failure to accept Plaintiff's and class members' offers to trade at a streamed price constitutes a breach of contract, breach of a duty of good faith and fair dealing, or an unfair or deceptive act or practice. In addition, as provided in more detail below, Deutsche Bank maintains that Plaintiff has not stated, and cannot state, a claim upon which relief may be granted and that Deutsche Bank has multiple affirmative defenses to the claims in this Action.

**(2) Provide a brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

Plaintiff's Statement: The Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2), because, upon information and belief, the class is comprised of more than 100 persons, the aggregate amount in controversy exceeds $5,000,000 and at least one class member is a citizen of a state different than Deutsche Bank.

Venue is proper here under 28 U.S.C. §1391(b), (c), and (d), because: (1) Deutsche Bank resided, transacted business, was found, and had agents in this District; (2) a substantial part of the events giving rise to Plaintiff's claims arose in this District; and (3) a substantial portion of the affected interstate trade and commerce described herein has been carried out in this District.

Deutsche Bank's Statement: Deutsche Bank does not currently anticipate challenging jurisdiction or venue in this Action, but reserves all rights in this regard.

**(3) Provide a brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

Plaintiff's Statement: Plaintiff anticipates that it will soon file a motion to appoint Scott+Scott and Korein Tillery as interim class counsel under Fed. R. Civ. P. 23(g)(3).

In response to Deutsche Bank's Statement No. 3, *infra*, Plaintiff responds that based on Plaintiff's extensive investigation to date, the Complaint states valid claims for relief. The parties have not yet conferred on the issue of a discovery stay; however, Deutsche Bank is not entitled to an automatic discovery stay pending resolution of its anticipated motion to dismiss. If

Honorable Lorna G. Schofield
January 4, 2016
Page 3

the parties cannot reach a resolution on the discovery stay issue, Plaintiff would likely oppose a discovery stay on the basis that the motion to dismiss lacks merit, the breadth of discovery did not create an unreasonable burden on Defendant, and that prejudice may accrue to Plaintiff as a result of an unwarranted stay of discovery. *See In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).

Deutsche Bank's Statement:  Deutsche Bank intends to file a motion to dismiss this Action for, among other things, failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").  Deutsche Bank also intends to file a motion to stay discovery pending disposition of the Motion to Dismiss ("Motion for Discovery Stay").

The Motion to Dismiss will seek to dismiss the entire Action because Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and/or because each claim is time-barred under the applicable statutes of limitation.  *See* N.Y. C.P.L.R. §§213(2) and 214(2).

In addition, the Motion to Dismiss will seek to dismiss Plaintiff's quasi-contract claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing because those claims are either inconsistent with, barred by and/or duplicative of the express written contract that governs the parties' relationship, dealings and conduct in this Action.  *See*, *e.g.*, *Simkin v. Blank*, 19 N.Y.3d 46, 55 N.Y.S.2d 222, 227-28 (2012); *Glatt v. Mariner Ptnrs., Inc.*, 66 A.D.3d 440, 441 (1st Dep't 2009).  Lastly, the Motion to Dismiss will seek to dismiss Plaintiff's claims for violations of New York's General Business Law, sections 349 and 350, on the grounds that Plaintiff has failed to allege facts showing that Deutsche Bank engaged in conduct that was "consumer-oriented" and "misleading in a material respect," or that Plaintiff suffered injury as a result of Deutsche Bank's alleged misconduct.  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *Josephson v. United Healthcare Corp.*, No. 11-CV-3665, 2012 U.S. Dist. LEXIS 144830, at *20 (E.D.N.Y. Sept. 28, 2012).

The Motion to Stay Discovery will seek to stay all discovery pending disposition of the Motion to Dismiss.  The expected grounds for the Motion to Stay Discovery are as follows:  (a) as stated above, Deutsche Bank has a meritorious Motion to Dismiss the entire Action; (b) Deutsche Bank would be greatly prejudiced if forced to submit to discovery, which will be time consuming and expensive, unless and until an operative complaint survives Motion to Dismiss; and (c) in contrast, Plaintiff will not suffer any prejudice from a discovery stay because, among other things, Deutsche Bank already has in place a litigation hold with respect to evidence that is potentially relevant to this Action.

Additionally, Deutsche Bank intends to oppose any motion by Plaintiff to certify this Action for class treatment pursuant to Fed. R. Civ. P. 23 and reserves all rights and objections in that regard.  Class certification of this Action would not be appropriate for a variety of reasons, including that (a) the ascertainability of putative class members will require highly individualized inquiries; (b) the Plaintiff is not an adequate class representative nor is it typical of the putative class members because, among other things, its claims are subject to defects and defenses that are unique to it; (c) individualized issues as to the fact of injury – including, for example, whether fill rates of the Plaintiff and putative class members' offers to trade at Deutsche Bank's streamed, indicative prices establish that Last Look was not applied to the vast majority of such offers – will predominate over any common issues; and/or (d) the damages

Honorable Lorna G. Schofield
January 4, 2016
Page 4

allegedly suffered by the putative class members are not subject to class-wide proof nor susceptible to a common methodology.

**(4) Provide a brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings.**

Plaintiff's Statement:  No formal discovery has taken place in the action.  However, Plaintiff's counsel conducted an extensive investigation of the claims before filing the Complaint and has secured significant information regarding Deutsche Bank's trading conduct and the relevant electronic FX trading platforms at issue in this Action.

Plaintiff anticipates that the bulk of the relevant discovery will include, but is not limited to:  (1) transactional data from both Deutsche Bank's proprietary electronic network and third-party ECNs; (2) Deutsche Bank's internal communications regarding Last Look; (3) Deutsche Bank's representations to Plaintiff and class members regarding liquidity and the ability to execute trades in real time; (4) Deutsche Bank's communications with Plaintiff and class members regarding unexecuted trades, Last Look, and/or other relevant FX transactions; (5) Deutsche Bank's communications, contracts, and other agreements with third-party ECNs regarding Last Look; (6) expert analysis of transactional data and other evidence to determine liability and calculate damages; and (7) deposition testimony involving each of the foregoing topics.

Deutsche Bank's Statement:  As stated above, Deutsche Bank intends to file a Motion to Stay Discovery until the forthcoming Motion to Dismiss is decided.  And, as stated above, a discovery stay is appropriate here because (a) the Motion to Dismiss is meritorious, (b) Deutsche Bank will suffer undue prejudice absent a discovery stay, and (c) Plaintiff will not suffer any prejudice in the event of a discovery stay.

**(5) Provide a statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

Joint Response:  The parties have not engaged in any settlement negotiations.

**(6) Provide any other information that the parties believe may assist this Court in resolving the action.**

Joint Response:  The parties oppose the consolidation of this case with *In re Foreign Exchange Benchmark Rates Antitrust Litig*., No. 1:13-cv-07789-LGS (the "Consolidated FX Action").  The claims in the Consolidated FX Action sound in antitrust and are based on alleged collusive conduct that may give rise to claims under the Sherman Act and the Commodity Exchange Act.  The claims set forth in this Action, on the other hand, rest in contract and common law, and are based on allegations of breach of contract, breach of good faith and fair dealing, unfair and deceptive practices, and unjust enrichment.  The parties recognize that if the case were to proceed to discovery, it is possible, but not certain, that there could be some overlap in the production of certain types of transaction data.  To the extent any such overlap occurs, however, the parties to this Action will confer with the parties in the Consolidated FX Action regarding a discovery coordination agreement at that time.

Honorable Lorna G. Schofield
January 4, 2016
Page 5

The parties also oppose consolidation of this case with *Value Recovery Fund LLC v. Barclays Bank PLC*, Civil Action No. 1:15-cv-09486-LGS and *Axiom Investment Advisors, LLC v. Barclays Bank PLC*, Civil Action No. 1:15-cv-09323-LGS (S.D.N.Y.). While those actions are brought on behalf of similar classes with similar legal theories, the claims are brought against a different defendant. Due to the nature of the claims, which emanate from contractual relationships between the defendant banks and Plaintiff/class members, the parties do not expect substantial overlap of discovery. To the extent any such overlap does occur, however, the parties to this Action will confer with the parties in the Barclays action regarding a discovery coordination agreement at that time. Accordingly, a separate proposed Case Management Plan and Scheduling Order to govern this action is submitted with this joint letter.

We look forward to discussing these issues with the Court at the initial pretrial conference.

Respectfully submitted,

SCOTT+SCOTT, ATTORNEYS
  AT LAW, LLP

/s/Christopher M. Burke
Christopher M. Burke
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com

*Counsel for Plaintiff*


KOREIN TILLERY

/s/George Zelcs
George Zelcs
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Phone: 312-641-9750
gzelcs@koreintillery.com

*Counsel for Plaintiff*


HAUSFELD

/s/Michael D. Hausfeld
Michael D. Hausfeld
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200

*Counsel for Plaintiff*

KIRKLAND & ELLIS LLP

/s/Joseph Serino, Jr., P.C.
Robert Khuzami
Joseph Serino, Jr., P.C.
Eric F. Leon, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: 212-446-4800
Facsimile: 212-446-4900
robert.khuzami@kirkland.com
joseph.serino@kirkland.com
eric.leon@kirkland.com

*Counsel for Deutsche Bank*

Honorable Lorna G. Schofield
January 4, 2016
Page 6

NUSSBAUM LAW GROUP, P.C.

/s/ Linda P. Nussbaum
Linda P. Nussbaum
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: 212-702-7053

*Counsel for Plaintiff*

<u>SIGNATURE VERIFICATION</u>

I, Christopher M. Burke, hereby certify that the content of this document is acceptable to Joseph Serino, Jr., counsel for Deutsche Bank, and that I have obtained Mr. Serino's authorization to affix his electronic signature to this document.

DATED: January 4, 2016                <u>/s/Christopher M. Burke            </u>
Christopher M. Burke
SCOTT+SCOTT, ATTORNEYS
AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
cburke@scott-scott.com
*Counsel for Plaintiff*